UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL WINE, et al.,

　　　　　Plaintiffs,

　　v.

WUNDERKIND CORPORATION,

　　　　　Defendant.

Case No. 25-cv-10079-HSG

**ORDER GRANTING MOTION TO TRANSFER**

Re: Dkt. No. 23

Pending before the Court is Defendant's motion to transfer the case to the Southern District of New York pursuant to the first-to-file rule and 28 U.S.C. § 1404(a).  Dkt. No. 23 ("Mot.").  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).

The first-to-file rule is a "doctrine of federal comity which permits a district court to decline jurisdiction . . . when a complaint involving [substantially similar] parties and issues has already been filed."  *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982).  "The first-to-file rule was developed to 'serve the purpose of promoting efficiency . . . and should not be disregarded lightly.'"  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)).  Courts analyze the following factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues.  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

This is the third-filed action against Defendant Wunderkind alleging similar unlawful internet tracking practices.  *Weiler v. Wunderkind Corp.*, No. 1:25-cv-05854 (S.D.N.Y. July 16, 2025), Dkt. No. 1 ("*Weiler* Compl.") ¶¶ 1–4; *Balogun v. Wunderkind Corp.*, No. 1:25-cv-6113

United States District Court
Northern District of California

(S.D.N.Y. July 25, 2025), Dkt. No. 1 ("*Balogun* Compl.") ¶¶ 1–10; Dkt. No. 1, Ex. 1 ("*Wine* Compl.") ¶¶ 1–7.  Four of the six claims in this case are asserted in one or both of the prior suits. *Compare Weiler* Compl. ¶¶ 185–96, 208–33, *and Balogun* Compl. ¶¶ 126–35, 155–69, *with Wine* Compl. ¶¶ 60–74, 85–96, 108–20.  The prior lawsuits include nationwide classes and California sub-classes that substantially or completely include the named Plaintiffs and classes here. *Compare Weiler* Compl. ¶¶ 176–77, *and Balogun* Compl. ¶¶ 102–103, *with Wine* Compl. ¶ 51.

The fact that this complaint has a narrower class definition and two unique claims, Dkt. No. 28 at 4–6, does not mean these actions are not substantially similar and does not outweigh the significant benefit to judicial economy from transferring this case.  The first two lawsuits have already been consolidated in S.D.N.Y., and Plaintiffs will have more than a month to contribute to the amended consolidated complaint.  *In re Wunderkind Privacy Litig.*, No. 1:25-cv-05854-KPF (S.D.N.Y.), Dkt. No. 37 at 2.  Accordingly, the Court **GRANTS** the motion to transfer the case to S.D.N.Y., Dkt. No. 23, and **VACATES** the February 19, 2026 hearing.[1]

**IT IS SO ORDERED.**

Dated:   2/18/2026

_Haywood S. Gilliam Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Plaintiffs do not dispute that the action could have been brought in S.D.N.Y.  *See* Mot. at 14–15; *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) (noting this requirement for transfer).

2